## UNITED STATES v. MILLER et al.

District Court, S. D. New York.

Aug. 17, 1934.

Martin Conboy, U. S. Atty., of New York City (Malcolm A. Crusius, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Walter B. Herendeen, of New York City (Seymour Joseph, of New York City, of counsel), for surety.

Albert D. Levin, of New York City, for surety before rehabilitation.

HULBERT, District Judge.

The Concord Casualty & Surety Company applies to vacate the forfeiture of twenty-nine bail bonds furnished for as many individual defendants prosecuted for a misdemeanor under the late National Prohibition Act (title 27 USCA).

The action is brought under section 601, title 18 USCA, which provides, "When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, *in its discretion,* remit the whole or a part of the penalty, whenever it appears to the court that there has been *no willful default of the party,* and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced." (Italicizing mine.)

The defendants herein named were employees of the proprietors of so-called "Cordial Shops."

When summoned for trial, as it subsequently developed, imposters appeared and, in common parlance, "took the rap."

In a proceeding thereupon instituted, an order was made by a judge of this court which sought to bar the petitioner from writing bonds in this district for a period of three years. This order was reversed (Concord Casualty & Surety Co. v. United States (C. C. A.) 69 F. (2d) 78, 81, 91 A. L. R. 885), upon the ground that this court has no inherent jurisdiction and lacks statutory authority to entertain such proceeding and make such order, but that the Surety Company having complied with the provisions of title 6 USCA §§ 6–16, and received authority from the Secretary of the Treasury to write bonds, the remedy was to apply to the Treasury Department for a revocation of such authority or, in the wise exercise of judicial discretion, to thereafter refuse to approve bonds furnished by the petitioner, in each individual case. I

refer to this decision because it was asserted upon the argument of the motions that it was controlling upon me. I do not so consider it and, except to quote from the opinion of the Senior Circuit Judge, I shall not take that case into consideration in disposing of these motions. Judge Manton said: "When a defendant is called upon to pay his obligation to society, it is not the sum of the bail bond that society asks for, but rather the presence of the defendant for imprisonment."

The furnishing of bail is not a mere formality, but is a serious contract and imposes upon the surety an absolute obligation to produce its principal when called for trial. Nor does the Surety Company discharge its duty when the undertaking has been approved by the court. The surety is a substitute jailor who voluntarily assumes *the obligation,* severally and jointly, with the accused, *to have the latter as effectually in the power of the court when his trial is reached as if he were within the prison walls.*

If the defendant were required to furnish cash bail, there would probably be little doubt about his appearance when required.

The necessity of furnishing cash bail is dispensed with for his benefit by the acceptance of a written guaranty of an approved Surety Company which, none the less, does not minimize his obligations and duty to the court.

It appears from the papers upon this application that the petitioner wrote these bonds and many others without requiring, except in a few cases, any security whatever, and yet petitioner states that soon after the arrests were made practically every one of the defendants on these motions left their employment without notice to or thereafter notifying the Surety Company of any change of address; no one of said defendants ever appears to have been sufficiently interested in the final outcome of the case against him to have made inquiry of the Surety Company as to its final disposition.

It is further contended by the petitioner that when each defendant was called for trial it was unable to locate and reach him, but, nevertheless, some mysterious power provided for the appearance of a dummy who, in one instance, appeared as a substitute for five different defendants herein.

The papers do not disclose whether the petitioner was engaged by the arrested employee or by his employer. But the surety must have had great confidence in the integrity of one or the other to have assumed the responsibility of providing the twenty-nine bonds in question without security, except in two or three cases.

Affidavits are submitted by fifteen defendants stating, in substance: (1) That the forfeiture occurred because the defendant was no longer employed at the place of arrest and hence notice of trial was not received; (2) that said forfeiture was not deliberate; and (3) that defendant was at all times ready and willing to appear for trial when called. These are mere conclusions—not statements of fact. No affidavits by the other fourteen defendants were submitted.

Since the defendants named in the twenty-nine bonds in question have not shown why petitioner was not kept informed of their proper addresses pending final disposition of their cases, and since the petitioner has not shown why it failed in the performance of its obligation "to have the accused as effectually in the power of the Court when his trial is reached as if he were within the prison walls," in the exercise of a sound discretion I feel that I would be justified in denying the motion, the petitioner not having established, to my satisfaction, good faith; however, as the petitioner has been taken over by the New York State Superintendent of Insurance in Rehabilitation, and the amount involved ($26,000) may vitally affect the rights of creditors and even stockholders who should not be penalized for the inadequacy of the showing upon this application, each motion is denied, without prejudice to renewal upon proper papers.